UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER JIRAU,      : | |
|     Plaintiff,      : | |
| : | |
| v.      : | 3:20-cv-01387 (VLB) |
| : | |
| ROLLIN COOK and NATHAN HEIN,      : | |
|     Defendants.      : | |

## INITIAL REVIEW ORDER

Plaintiff Christopher JiRau, who is a pretrial detainee currently housed MacDougall-Walker Correctional Institution ("MacDougall") of the Department of Correction ("DOC"),[1] brought this action under 42 U.S.C. § 1983 against Bridgeport Correctional Center ("BCC") Warden Nathan Hein and DOC Commissioner Rollin Cook. Compl. [ECF No. 1].[2] After the Court dismissed his complaint for failure to state a plausible Fourteenth Amendment claim, Plaintiff filed the instant amended complaint. [ECF Nos. 9, 10]. Plaintiff's amended complaint seeks damages and a declaratory judgment in connection with Warden Hein's and Commissioner Cook's alleged deliberate indifference to his safety in violation of the Fourteenth Amendment.[3]

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The DOC website reflects that Plaintiff is an unsentenced prisoner who is housed at MacDougall. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=433889

[2] Plaintiff is proceeding *in forma pauperis*. [ECF No. 7].

[3] Plaintiff has not included Commissioner Cook in the case caption as required under Federal Rule of Civil Procedure 10(a). However, "courts have found *pro se* complaints to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants." *Imperato v. Otsego Cnty. Sheriff's Dep't*, No. 313CV1594 (BKS/DEP), 2016 WL 1466545, at *26 (N.D.N.Y. Apr. 14, 2016) (citing cases). Because Plaintiff's complaint clearly indicates that he intends to assert his claim against Commissioner Cook, the Court construes the

I.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id.*  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  See *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

---

complaint as alleging Fourteenth Amendment claims against both Warden Hein and Commissioner Cook.

## II. ALLEGATIONS

Plaintiff's amended complaint alleges the following facts, which are considered to be true.

On June 2, 2020, Plaintiff hit his head on the edge of his cell desk after slipping and losing his footing when he jumped down from his top bunk at BCC. [ECF No. 10 (Statement of the Case) ¶ 1]. As a result, Plaintiff sustained a broken jaw, which required surgery to repair. *Id.* ¶ 2. He spent more than a month in the hospital and is still suffering from tremendous pain. *Id.*

Commissioner Cook and Warden Hein failed to arrange for ladders to be installed on the beds at BCC, which resulted in Plaintiff having to climb up to his top bunk and jump down to descend. *Id.* ¶¶ 6, 8.

## III. DISCUSSION

Plaintiff's allegations indicate that he is bringing a claim of deliberate indifference to his health and safety against Defendants.

The status of a plaintiff as either a convicted prisoner or pretrial detainee dictates whether his conditions of confinement are analyzed under the Eighth or Fourteenth Amendments. Claims of pretrial detainees involving deliberate indifference to medical needs or unsafe conditions of confinement are considered under the Due Process Clause of the Fourteenth Amendment, but such claims brought by a sentenced prisoner are considered under the cruel and unusual punishment clause of the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29-34 n.9 (2d Cir. 2017); *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 717-18 (S.D.N.Y. 2017).

### A. Fourteenth Amendment

To set forth a due process claim under the Fourteenth Amendment for deliberate indifference to health and safety, a plaintiff must allege facts to satisfy two prongs: (1) an "objective prong" showing that the plaintiff's condition of confinement posed a unreasonable risk of serious harm to the plaintiff, and (2) a "*mens rea* prong" showing that the state actor's conduct amounts to deliberate indifference to that objectively serious risk of harm.   See *Darnell*, 849 F. 3d at 29; *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019).

Under the objective prong, a detainee must allege that "the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health ... which includes the risk of serious damage to physical and mental soundness."   *Darnell*, 849 F.3d at 30 (internal quotation marks and citations omitted).   A district court evaluates the conditions to which the detainee was exposed in the context of contemporary standards of decency and addresses, *inter alia*, whether the detainee has been deprived of basic human needs including, for example, food, clothing, shelter medical care, and reasonable safety, or has been subjected to an unreasonable risk of serious harm to his or her future health.   *Id.* (internal quotation marks and citations omitted).

Relevant to the *mens rea* element, "deliberate indifference, in the context of a Fourteenth Amendment due process claim, can be shown by something akin to recklessness, and does not require proof of a malicious or callous state of mind."  *Charles*, 925 F.3d at 86 (citing *Darnell*, 849 F.3d at 33–34).   Under the *mens rea* prong, a pretrial detainee must allege "that the defendant-official acted

4

intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. At the same time, "negligence … does not, without more, engender a constitutional claim." *Sanders v. Laplante*, No. 3:19-cv-01151 (CSH), 2019 WL 5538118, at *3 (D. Conn. Oct. 25, 2019); *see also Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). The Second Circuit has defined "personal involvement" to mean direct participation, such as "personal participation by one who has knowledge of the facts that rendered the conduct illegal," or indirect participation, such as "ordering or helping others to do the unlawful acts." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (citation omitted). In order to "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020).

With respect to the objective element, the lack of a ladder for access to a top bunk may pose a substantial risk of harm to an inmate, and Plaintiff's allegations indicate that he was injured as a result of having to jump off of his bunk. *See*

5

*Armstrong v. Breslin*, No. 05 CV 2876 (ARR), 2006 WL 436009, at *3 (E.D.N.Y. Feb. 22, 2006) ("plaintiff clearly alleges that the lack of a ladder and the expectation that he use his locker and chair to climb onto the top bunk pose a substantial risk to his safety.  In addition, he provides evidence that he suffered injuries to his back and ribs due to the alleged safety hazard.").

However, Plaintiff has not alleged any non-conclusory facts indicating that Commissioner Cook had any direct personal involvement in the arrangement of the BCC bunk beds or decisions relevant to whether ladders should be provided for the bunk beds.  [ECF No. 10 ¶ 6].  Further, Plaintiff asserts only conclusory allegations that Commissioner Cook knew or should have known that the lack of ladders for access to the top bunks at BCC posed a risk of harm to Plaintiff, and that failure to arrange for the bunk ladders constitutes deliberate indifference.  *Id.* ¶¶ 5-7.  Because Plaintiff's allegations fail to indicate Commissioner Cook had any direct personal involvement in a Fourteenth Amendment violation based on the failure to provide ladders for the BCC bunks, the Court will dismiss the Fourteenth Amendment claim for damages against Commissioner Cook.

Defendant Hein as the alleged Warden of BCC, however, could plausibly have had direct personal involvement in failure to arrange for the bunks at BCC to be furnished with a ladder.  Plaintiff maintains that this failure to provide bunk ladders posed a risk of harm to himself; he had to climb up to his bunk and descend from the bunk by jumping down.  [ECF No. 10 ¶ 8].  Plaintiff appends to his Amended Complaint a grievance he sent to Warden Hein on April 18, 2020, approximately six weeks before Plaintiff injured himself exiting his upper bunk.

[ECF No. 10 at 13]. The grievance states that the lack of ladders is a safety hazard and references a prior conversation that Plaintiff had with Warden Hein in which Plaintiff explained to the Warden that the lack of a ladder was a safety hazard. *Id.*

On this initial review, the Court considers all inferences of fact most broadly, and construes Plaintiff's allegations to mean that inmates only had the option to descend by jumping off of the top bunk, and that Warden Hein should have been aware of the obvious risk of harm posed by this condition, especially since the risk was allegedly explained to him orally and in writing. Under this liberal construction, the Court will permit Plaintiff's Fourteenth Amendment claim to proceed against Warden Hein at this time. The Court will leave Plaintiff to his proof that Warden Hein acted with Fourteenth Amendment indifference to a condition that presented a substantial risk of harm to Plaintiff.

B. Declaratory Relief

Plaintiff seeks a declaratory judgment that the Defendants acted with deliberate indifference toward his health and safety in violation of the Fourteenth Amendment.

Under the doctrine of *Ex parte Young,* 209 U.S. 123 (1908), a plaintiff may seek prospective injunctive declaratory relief to address an ongoing or continuing violation of federal law or a threat of a violation of federal law in the future. *See In re Deposit Ins. Agency,* 482 F.3d 612, 618 (2d Cir. 2007); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000). In determining whether *Ex Parte Young* applies, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as

prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002) (internal quotation marks and citation omitted).

Plaintiff's request for a declaration that the Defendants violated his federal constitutional rights in the past is barred by the Eleventh Amendment. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* ... to claims for retrospective relief") (citations omitted). Furthermore, if Plaintiff were to prevail on his Fourteenth Amendment claim, the Court necessarily would determine that his constitutional rights had been violated. Thus, a separate award of declaratory relief is unnecessary. Accordingly, the request for a declaratory judgment is dismissed as not plausible. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

(1) The case shall proceed on Plaintiff's Fourteenth Amendment claim against Warden Hein in his individual capacity for damages. All other claims are **DISMISSED** without prejudice.

(2) The clerk shall verify the current work address of Warden Hein with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint, [ECF No. 10], to him at his confirmed addresses within twenty-one (21) days of this Order, and report on the status of the waiver request on the thirty-fifth (35th) day after mailing. If the defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual

**capacity service by the U.S. Marshals Service on the defendant, and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).**

**(3) The clerk shall send a courtesy copy of the amended complaint, [ECF No. 10], and this Order to the DOC Office of Legal Affairs and to the Connecticut Attorney General.**

**(4) The defendant shall file a response to the amended complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If the defendant chooses to file an answer, defendant shall admit or deny the allegations and respond to the cognizable claims recited above. The defendant may also include any and all additional defenses permitted by the Federal Rules.**

**(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within six months (180 days) from the date of this Order. Discovery requests need not be filed with the Court.**

**(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.**

**(7) All motions for summary judgment shall be filed within seven months (210 days) from the date of this Order.**

**(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If**

no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendant or defense counsel of his new address.

(10) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendant's counsel by regular mail.

                                                        /s/
                                      Vanessa L. Bryant
                                      United States District Judge

SO ORDERED at Hartford, Connecticut this 19th day of February 2021.